UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NOLLIE PAUL VERRETT, JR.**                                        **CIVIL ACTION**

**VERSUS**                                                                       **NO. 17-1623**

**CARL TRACY SCHWAB, ET AL.**                                **SECTION: "I"(3)**

**REPORT AND RECOMMENDATION**

Plaintiff, Nollie Paul Verrett, Jr., a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Carl Tracy Schwab and Mark Plaisance. In this lawsuit, plaintiff complains that he has received ineffective assistance of counsel in his state criminal proceedings.

**Standards of Review**

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## Plaintiff's Claims

Plaintiff is a state pretrial detainee. In this lawsuit, he has sued his public defender, Carl Tracy Schwab, and Schwab's superior, Mark Plaisance. Plaintiff alleges: (1) the defendants failed to meet with plaintiff during the first six months of his pretrial detention; (2) the defendants were not present for plaintiff's pretrial conference; (3) the defendants were not present at a scheduled bond reduction hearing; (4) the defendants failed to file a motion for a preliminary examination; (5) Schwab advised plaintiff that he would be charged for the filing a motion; (6) Schwab advised plaintiff that he would be required to pay for a forensic expert; (7) the defendants have failed to

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

file any pretrial motions; (8) the defendants have failed to keep plaintiff reasonably informed about his case; and (9) the defendants have failed to properly represent plaintiff.

As noted, plaintiff filed this action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Therefore, the United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted).

Accordingly, for the claims against Schwab and Plaisance to be cognizable pursuant to § 1983, they must have acted under color of state law. However, it is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, Schwab, plaintiff's public defender, is not a state actor, and so he cannot be held liable under § 1983. Moreover, Schwab's superior, Plaisance, likewise is not a state actor and, further, cannot be held liable under § 1983 for Schwab's actions under any theory of vicarious liability. Id.; Walton v. Parish of LaSalle, 258 Fed. App'x 633 (5th Cir. 2007); Taylor v. Babcock, No. 90-35632, 1992 WL 60464 (9th Cir. Mar. 30, 1992); Cook v. Neuner, Civ. Action No. 12-1428, 2012

WL 2856495, at *3 (E.D. La. June 20, 2012), adopted, 2012 WL 2856492 (E.D. La. July 11, 2012); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *2 (E.D. La. Jan. 25, 2008).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirtieth day of March, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**